# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00277-CV

### In re the State of Texas ex rel. Dee Hobbs, Williamson County Attorney

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus challenging several actions by the trial court in the underlying criminal proceeding, including the trial court's failure to include an affirmative finding of family violence in the final judgment of conviction. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).[1]

---

[1] We note that the record reflects that the trial court made an implicit, affirmative finding of family violence when it entered its original final judgment. *See In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, no pet.) ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered."). But the record does not demonstrate that the State sought to have the trial court correct the judgment to include the affirmative finding. *See Jackson v. State*, No. 14-13-00747-CV, 2014 WL 6085593, at *1 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014, no pet.) (upholding judgment nunc pro tunc correcting judgment to reflect affirmative finding of family violence because record reflected the error "was clearly a clerical one"); *cf. Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) ("[M]andamus is not available to compel an action which has not first been demanded and refused.").

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed: July 18, 2023